UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| MARVIN GREEN | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:06-CV-226 |
| | ) | |
| KINGSPORT POLICE DEPT., | ) | |
| OFFICER ROBERT COFFEY, | ) | |
| OFFICER JOHN ARGENTIERE, | ) | |
| OFFICER GEORGE HORNE and | ) | |
| OFFICER JAMES CLARK | ) | |

## **MEMORANDUM and ORDER**

Marvin Green, a pretrial detainee in the Sullivan County Detention Center, has filed this *pro se* civil rights action under 42 U.S.C. § 1983. The plaintiff is **ASSESSED** the civil filing fee of $350.00 under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account;

  or

    (b)    twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but

only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office.[1] *See McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate trust accounts at the facility where the plaintiff is confined, to ensure compliance with the above fee-assessment procedures.

In his complaint, the plaintiff alleges that, on August 18, 2006, the defendant police officers stopped him while he was walking away from his room (presumably, at a local motel) in Kingsport, Tennessee; asked him for identification without responding to his questions; searched him; took his cell phone and money; photographed his I.D.; forced him to walk back to his room; took his room key out of his hand; entered the room without his consent or a search warrant; and searched it, finding 3.5 grams of marijuana, which admittedly was his, and over ½ gram of cocaine, of which he had no knowledge. Defendant Officer Clark then arrested him and charged him with a criminal offense.

The plaintiff would have the Court dismiss all charges against him "A.S.A.P." and, pending such a dismissal, arrange for him to be released on his own recognizance

---

[1] Send the payments to: Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

(or grant him a speedy trial). He also requests that the property taken during his arrest be returned to him and that defendant Officer Robert Coffey be terminated from his position with the Kingsport Police Department.

Since the plaintiff is a prisoner (within the terms of 28 U.S.C. § 1915A(c)), the complaint now must be screened and must be dismissed if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)and § 1915A.

The Court assumes, based on the above allegations, that the plaintiff is asserting that his right not to be subjected to unreasonable search and seizure, as secured by the Fourth Amendment to the United States Constitution, was violated by the defendant officers. If this assumption is correct, then this action cannot proceed.

Under the doctrine established by *Younger v. Harris*, 401 U.S. 37 (1971), federal courts must abstain from entertaining lawsuits by an individual seeking to enjoin a criminal prosecution against him in state court where those proceedings implicate important state interests and the plaintiff has an adequate opportunity to raise his challenges in that forum. *See O'Shea v. Littleton*, 414 U.S. 488, 499-504 (1974). All of the factors supporting abstention are present here. Therefore, the Court must abstain from interfering in plaintiff's state criminal proceedings by issuing rulings as to whether the warrantless entry into the plaintiff's room, seizure of his

property, and subsequent arrest violated his constitutional rights.

All pending motions (Docs. 5, 7) are **DENIE**D as **MOOT**.

A separate order of dismissal will enter.


**ENTER**:

<u>s/J. RONNIE GREER</u>
UNITED STATES DISTRICT JUDGE